IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GRADY A. LEE,                               )
                                            )
          Plaintiff,                        )
                                            )
     v.                                     )        CASE NO. 2:13-CV-424-WHA
                                            )
DENNIS MEEKS, et al.,                       )
                                            )
          Defendants.                       )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

Grady A. Lee ("Lee"), on June 17, 2013, against Sheriff Dennis Meeks, Chief Deputy

David Anderson and Jail Administrator Preston Hughes (the "jail defendants"),[1] and Nurse

Dianne Williams (the "medical defendant").[2]  In the instant complaint, Lee challenges the

constitutionality of conditions to which he was subjected during a term of incarceration at

the Covington County Jail that began on April 17, 2013.  Upon his entry into the jail, Lee

was a convicted inmate serving a term of probation imposed upon him for a 2010

---

[1] Lee provides the title of "Chief of Jail" in identifying the position held by Preston Hughes.

[2] Although the Clerk stamped the complaint "received" on June 18, 2013, it is clear that Lee presented this pleading to jail officials for mailing prior to this date.  A review of the complaint indicates that Lee executed this document on June 17, 2013.  *Doc. No. 1* at 4.  The law is well-settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the complaint] was delivered to prison authorities the day [Lee] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Thus, the court deems June 17, 2013 as the date Lee filed the complaint.

conviction under the Alabama Community Notification Act, Ala. Code 1975 § 15-20-20 *et seq*., now codified as the Alabama Sex Offender Registration and Community Notification Act, Ala. Code §15-20A-1, *et seq*.[3]

The defendants filed special reports and supporting evidentiary materials addressing the claims presented in the complaint.  In these filings, the defendants deny they acted in violation of Lee's constitutional rights and further argue that this case is due to be dismissed because prior to filing this cause of action Lee failed to exhaust an administrative remedy available to him at the Covington County Jail for addressing the claims presented in the complaint. The defendants base their exhaustion defense on Lee's failure to file a grievance regarding the claims raised in the complaint.

Upon receipt of the defendants' special reports, the court issued an order providing Lee an opportunity to file a response to these reports.  This order directed Lee to address "the defendants' assertions that: (i) His claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) [prior to filing this federal civil action.]  . . .; and (ii) The claims contained in the complaint fail to establish a violation of his constitutional rights." *Order of August 30, 2013 - Doc. No. 32* at 1-2 (footnote omitted). The order also advised Lee that his response should be supported by affidavits or statements made under penalty of perjury and/or appropriate other evidentiary materials.  *Id*. at 3. The order further cautioned Lee that unless "<u>sufficient</u>

---

[3] Lee was transferred to the custody of the Alabama Department of Corrections on July 12, 2013 as a result of this probation violation.

legal cause" is shown within ten days of entry of this order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response] and without further notice to the parties (1) treat the special reports and any supporting evidentiary materials as [an appropriate dispositive] motion . . . and (2) after considering any response as allowed by this order, rule on the motion . . . in accordance with the law." *Id*. 4. Subsequently, the court issued an order which provided Lee an opportunity to file a response to a supplemental special report and evidentiary materials filed by the jail defendants. *Order of June 29, 2016 - Doc. No. 57*. This order again cautioned Lee that the court would in the future treat each of the special reports as a dispositive motion and advised him of the proper manner in which to respond to the reports. *Id*. at 1-2.

On October 7, 2013, Lee filed an unsworn response to the defendants' initial reports. *Doc. No. 37*. Lee filed no other response in opposition to the defendants' reports. In his response, Lee concedes that he "never put a sick call in because" he spoke with defendant Williams or some other medical provider on a daily basis. *Id.* at 1. Although Lee alleges he submitted a grievance to Sgt. Benson and Capt. Hughes, he does not provide any evidence in support of this assertion. Relevant to this case, Lee fails to identify the basis of the purported grievance or the time period in which he filed the grievance. The court also notes that Lee makes no reference to the filing of any grievance in the complaint. The evidentiary materials filed by the defendants contain grievances from Lee dating back several years, but none of these grievances addresses the matters currently pending before the court. *Jail Defendants' Exh. C to the Special Report - Doc. No. 30-3* at 2-6. In addition,

3

the defendants filed affidavits in support of their reports denying that Lee submitted any grievance regarding the claims on which he seeks relief prior to initiation of this case. Consequently, the court finds that the record is devoid of probative evidence to show that Lee filed a grievance addressing the claims presented in the instant complaint before filing this civil action.

Pursuant to the orders entered in this case, the court deems it appropriate to treat the reports filed by the defendants as motions to dismiss with respect to the exhaustion defense. Thus, this case is now pending on the defendants' motions to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment."); *Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed Defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]").

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e with respect to exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is

4

precluded from filing suit in federal court. *See id.* (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before *filing* suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in original).  The Eleventh Circuit further determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004).  Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement.  *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)."  *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012).  This court must therefore "resolve this issue first."  *Id.*

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true.  'If in that light, the defendant is entitled to

have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530 F.3d at 1373-74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id*. (citing *Bryant*, 530 F.3d at 1373-74, 1376)." *Myles*, 476 F. App'x at 366. Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See* [*Turne*r, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury." *Id*.

Upon review of the complaint, the defendants' special reports, the supplemental reports and evidentiary materials filed in support thereof, the court concludes that the defendants' motions to dismiss are due to be granted.

## III. DISCUSSION

Lee challenges conditions to which he was subjected at the Covington County Jail for an approximate three-month period in mid-2013. Specifically, Lee alleges that black mold was present in the jail. *Doc. No. 1* at 3. Lee also asserts that he did "not [receive] correct medical attention" for his COPD and was denied access to eyeglasses recently

prescribed to him.  *Id.*  In response to the complaint, the defendants deny these allegations and assert that this case is subject to dismissal because Lee failed to exhaust the administrative remedy provided at the Covington County Jail prior to filing the instant complaint as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

The PLRA compels proper exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint.  Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006).  Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387. "Proper exhaustion demands compliance with an Agency's deadlines and other critical

procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings… .   Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage."  548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387.   The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement … by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him.  548 U.S. at 83-84, 126 S.Ct. at 2382; *Bryant*, 530 F3d at 1378 (citation omitted) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint."  *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam).

It is undisputed that the Covington County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. *Jail Defendants' Exh. B to the Special Report (Policy and Procedure Directive for Inmate Grievances) - Doc. No. 30-2* at 3. The grievance procedure allows an inmate to submit grievances to the Jail Administrator with respect to conditions occurring at the Covington County Jail. The relevant portion of the grievance procedure provides as follows:

> Inmates must file a completed grievance form within 7 days from the date of the occurrence upon which the grievance is based.
>
> Completed grievance forms will be delivered to the Jail Administrator who will respond to the grievance.
>
> The grievance response will be in writing.
>
> Once the grievance has been answered by the Jail Administrator a copy of the answered grievance will be made and returned to the inmate with the original grievance being placed in the Inmate's file.
>
> The decision of the Jail Administrator may be appealed to the Sheriff in writing within seventy-two hours of the receipt of the grievance decision.
>
> Whole block grievances will not be accepted or answered. All grievances must come from individual inmates.

*Id.*

Upon review of the record, the court finds that Lee did not submit a grievance addressing any of the claims presented to this court as permitted by the jail's grievance procedure ***prior*** to filing this cause of action. Thus, the court concludes that Lee failed to exhaust an administrative remedy available to him during his confinement in the Covington

County Jail before seeking federal relief, a precondition to proceeding in this court on his claims. The time period afforded for filing a grievance with respect to the claims raised by Lee has long since expired. In addition, the grievance procedure is no longer available to Lee. Finally, any grievance which Lee may have filed after initiation of this federal cause of action has no bearing on his proper exhaustion of the administrative remedy provided at the Covington County Jail. *Terry*, 491 F. App'x at 83. Lee has therefore failed to establish his proper exhaustion of the jail's grievance procedure prior to filing this case, nor has he set forth any circumstances which justify his failure to do so.

Under the circumstances of this case, the court finds that dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1 (acknowledging that where administrative remedies are clearly time barred or otherwise infeasible inmate's failure to exhaust may "correctly result in a dismissal with prejudice."); *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Johnson*, 418 F.3d at 1159 (relying on *Marsh* to find that inmate's civil action was subject to dismissal "for failure to exhaust administrative remedies" where he filed grievance "out-of-time and without good cause" for failing to file timely grievance); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (indicating inmate's "federal lawsuits … properly dismissed with prejudice" where previously available "administrative remedies have become unavailable

after prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust.").

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motions to dismiss be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to exhaust an administrative remedy previously available to him at the Covington County Jail prior to initiating this cause of action.

2.  This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust an administrative remedy before seeking relief from this court.

3.  No costs be taxed herein.

It is further

ORDERED that on or before August 5, 2016 the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 22nd day of July, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge